UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRAVEEN KEVIN KHURANA,<br><br>  Appellant,<br><br>  v.<br><br>J. FORD ELSAESSER,<br><br>  Appellee. | Case No. 2:16-mc-08520-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

Pending before the Court is Appellant and Debtor Praveen Kevin Khurana's Motion to Waive Filing Fee on Appeal. (Dkt. 1). For the reasons explained below, the Court will deny the motion without prejudice.

### BACKGROUND

In June 2016, Khurana appealed three orders entered by the bankruptcy court: (1) an order denying his motion to abandon; (2) an order denying his conditional motion to transfer; and (3) an order disallowing his claim of exemption. Shortly thereafter, Khurana filed a motion to waive the appellate filing fee, along with an affidavit supporting that motion.

The bankruptcy court determined it could not rule on Khurana's motion to proceed in forma pauperis (IFP) because it is not a "court of the United States" as defined by 28

MEMORANDUM DECISION AND ORDER - 1

U.S.C. § 451.  *See generally Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992).  It therefore referred the motion to this Court for a ruling.

## DISCUSSION

Federal courts may authorize the commencement of any suit, without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses and demonstrates that he or she is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of [ ] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).  While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Khurana's IFP application is difficult to decipher, mainly because he used a form affidavit, but he did not fill it out carefully or completely.  For example, in the sections of the form that ask about sources of income, Khurana indicates that his average *monthly* employment income during the past 12 months is "$3,842 per annum." *Affidavit,* Dkt. 1-1, at 2.  So it is not entirely clear if Khurana is saying he makes just $3,842 per *year* or – probably more likely – that he makes $3,842 per *month*.  In addition to this problem,

Khurana did not fill in various blanks throughout the form, including those designed to inform the Court if he receives income from sources other than employment.

Assuming for the moment, however, that Khurana is reporting that he receives $3,842 in employment income every month, then he is well above the poverty threshold identified by the Department of Health and Human Services.  *See* 2016 HHS Poverty Guidelines, (https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-the-hhs-poverty-guidelines) (last visited Oct. 19, 2016) (indicating that the poverty threshold for a one-person household in Idaho is $11,880).  Khurana also reports that he has other assets, including two pieces of real estate reportedly worth a combined total of $125,000.[1]

Despite his income and assets, Khurana certainly has various debts and expenses; after all, he sought bankruptcy protection.  Nevertheless, in the section of the IFP affidavit regarding current expenses, Khurana says that every month, he pays $2,986 related to "regular expenses for operation of business, profession, or farm." *Affidavit*, Dkt. 1-1 (response to question 8).  Khurana did not provide any detail for these reported expenses, despite the form's instruction to "attach [a] detailed statement" for these sorts of expenses.

---

[1] Khurana did not fill out the form correctly, so the Court cannot ascertain if these parcels of land are residential, commercial, or some other type of real estate.  *See Aff.*, Dkt. 1-1 (response to question 5).

**MEMORANDUM DECISION AND ORDER - 3**

Based on this record, Khurana has failed to demonstrate poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted).  He therefore fails to qualify for IFP status under § 1915(a).  Further, based on his likely income ($3,842 per month) and his reported assets, it seems quite unlikely that Khurana has any chance of qualifying for IFP status.  The Court believes his best course of action would be to simply pay the fee if he wishes to pursue the appeal.  In an abundance of caution, however, the Court will allow Khurana a chance to file an amended affidavit supporting his motion.  Any such affidavit should detail Khurana's financial situation with particularity, definiteness, and certainty.

## ORDER

**IT IS ORDERED that** Debtor and Appellant Praveen Kevin Khurana's Motion to Waive Filing Fee on Appeal (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.  Within 21 days of this Order, Khurana may file a supplemental affidavit supporting his motion for IFP status.  Failure to file a supplemental affidavit will result in an automatic denial of Khurana's Motion to Waive Filing Fee on Appeal.

DATED: October 20, 2016

B. Lynn Winmill  
Chief Judge  
United States District Court

MEMORANDUM DECISION AND ORDER - 4